IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LIGHTCAST INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 2:14cv228-WHA |
| LIGHTCAST INC., et al., | ) | (wo) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This cause is before the court on a Motion to Change Venue (Doc. #18), filed by the Defendants, Lightcast, Inc. (Nevada) and Cross Media Corporation, on June 16, 2014, and a Motion to Strike (Doc. #24), filed by the Defendants on July 14, 2015.

The Plaintiff, Lightcast, Inc. (Alabama) filed a Complaint in this case on March 31, 2014 and an Amended Complaint on April 4, 2014.  The Plaintiff brings claims for Federal Trademark Infringement (Count I), Federal Unfair Competition (Count II), and Alabama Deceptive Trade Practice Act (Count III).

The Defendants filed a Motion Pursuant to Rule 12, which the court ordered stricken because it was not clear which grounds under Rule 12 were being asserted.  (Doc. #17).  With leave of the court, the Defendants filed a new Motion to Change Venue, specifying that they move for an order transferring venue pursuant to Rule 12(b)(3).

For reasons to be discussed, the Motion to Strike is due to be DENIED as moot, and the Motion to Change Venue is due to be GRANTED.

## II. STANDARD FOR MOTION TO DISMISS FOR IMPROPER VENUE

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may assert a defense of improper venue by motion.  Pursuant to § 1391(b), venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### III.  FACTS

According to the allegations of the Amended Complaint, the Plaintiff, Lightcast Inc. (Alabama), is an Alabama corporation with its principal place of business in Pell City, Alabama. Lightcast (Alabama) owns a trademark, registered with the United States Patent and Trademark Office, on "Lightcast."

The Defendants are Lightcast Inc. (Nevada), which is a Nevada corporation with its principal place of business in North Carolina, and Cross Media Corporation, which is a North Carolina corporation with its principal place of business in North Carolina.

Andreas Kisslinger, an officer and shareholder of Lightcast Inc. (Nevada) and Cross Media Corporation, states in an affidavit that their "business operates as a web-based service to

business and commercial clients," and that services are provided "physically, from our offices in North Carolina, via the internet."  (Doc. #18-1 at p. 2).

The Plaintiff alleges that through its website and other channels, it offers audio-casting services under its federally-registered trademark throughout the United States, including in Alabama.

 The Plaintiff alleges in the Amended Complaint that the Defendants began to offer similar services through two websites, www.lightcast.com and www.crosstribution.com, under the trademark Lightcast.  The Plaintiff alleges that although notified by the Plaintiff that they were infringing on the trademark, the Defendants continue to use the trademark.

## IV.  DISCUSSION

The Defendants move for transfer of venue to the Western District of North Carolina pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue pursuant to 28 U.S.C. §1391.  In support of their Motion, the Defendants provide an affidavit of Andreas Kisslinger, a shareholder and officer of Lightcast Inc. (Nevada) and Cross Media Corporation.  The Defendants argue that they are in the website design service business so their conduct and activity is in the location where they do business, in North Carolina.

The Plaintiff responds that the Defendants' commercial activities within the Middle District of Alabama using the Plaintiff's registered trademark have caused a likelihood of confusion.

As set forth above, under 28 U.S.C. § 1391(b)(2), venue is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  "The statute's language is instructive," so that "[o]nly the events that directly give rise to a claim are

3

relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003).

In analyzing the venue statute, the Eleventh Circuit court has rejected a view of the statute which it characterized as having a "flavor . . . of a 'minimum contacts' personal jurisdiction analysis." 321 F.3d at 1372. Instead, the *Jenkins Brick* court expressed approval of *Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995). *Id.* at 1371. The court adopted the Eighth Circuit's analytical framework, characterizing that framework as viewing "as relevant only those acts and omissions that have a close nexus to the wrong." *Id.* at 1372. The Eleventh Circuit explained that in the *Woodke* trademark case, the court concluded that the venue statute protects defendants, and Congress meant to require courts to focus on the relevant activities of the defendant, not the plaintiff. *Id.* at 1371-72. In the *Woodke* decision itself, the court held that the place where the "alleged passing off occurred" was a correct venue. *Id.* at 1371 (citing *Woodke*, 70 F.3d at 985). The *Woodke* court rejected the argument that the place where the trailers, the goods which were passed off, were manufactured had a substantial connection with the events that gave rise to the claim, because the manufacture of the trailers was not itself wrongful. *Id.* at 1372. The Eighth Circuit in *Woodke* also rejected the plaintiff's argument in that case that venue was proper where the "ultimate effect of the passing off" was felt. *Woodke*, 70 F.3d at 985.

The application of *Jenkins Brick*, and *Woodke*, in this case is complicated by the fact that the Defendants' conduct was alleged trademark infringement through the use of websites, not the passing off of a good such as trailers.

A district court outside of this circuit has applied the Eighth Circuit's analysis in *Woodke*

4

to a claim involving an alleged trademark-infringing website. *See Cabot Oil & Gas Corp. v. Water Cleaning Services, Inc.*, No. H-12-665, 2012 WL 2133589, at *2 (S.D. Tex. June 12, 2012). The court agreed with the reasoning of *Woodke* that the venue statute must focus on the activities of the defendant. *Id.* The court rejected the plaintiff's argument that venue was proper where the defendant's website could be accessed in the district and was likely to cause confusion. *Id.* The court reasoned that more than the mere existence of an interactive website accessible in the district is required for venue to be proper there. *Id.* The court adopted the reasoning that the mere fact of a website accessible in the district cannot be sufficient for venue or else "the reach of the internet alone would make venue proper in any district in the United States . . . regardless of whether any acts were directed at the forum itself." *Id.* at *2 (quoting *Francesca's Collections, Inc. v. Medina*, No. H-11-307, 2011 WL 3925062, at *3 (S.D. Tex. Sept. 7, 2011)). The court noted that targeting of the market through advertising efforts could be sufficient. *Id.* The court also recognized that venue could be proper in a district in which consumer confusion occurs, but that there must be more than a possibility that someone might have accessed the website and have been confused. *Id.* at *3; *see also Nuttall v. Juarez*, 984 F. Supp. 2d 637, 644 (N.D. Tex. 2013) (stating that "[t]he mere possibility that someone in this district might have accessed the Pollstar website, seen the listing for the 'private function,' and been confused by it is an inadequate basis for venue under Section 1391(a)(2)."). The court transferred the case to the district where the webpage that gave rise to the trademark claim was posted on the defendant's website. *Cabot Oil and Gas Corp.*, 2012 WL 2133589, at *1.

This court agrees with the reasoning in *Cabot Oil and Gas Corp.* in applying *Woodke* to a claim based on an allegedly infringing website. In the instant case, the Plaintiff states that the

5

Defendants deliver their services and products through their internet website which can be reached in this district, and their website has caused a likelihood of confusion within the district. There is, however, no evidence of confusion presented to the court.

The Defendants admit that they have one customer in Alabama, but provide evidence that that customer is the First Baptist Church of Trussville, Alabama, which is not in the Middle District of Alabama.  Further, there has been no showing of confusion on the part of this customer.

The Plaintiff's evidence, which is the subject of the Motion to Strike, consists of screenshots of the Defendants' and other websites.  Even assuming the court can consider this evidence, it establishes only that Starbucks is a customer of the Defendants in some capacity not described in the evidence, and that there are Starbucks store locations in the Middle District of Alabama. There is no showing of confusion or targeted advertising.  The court cannot conclude, therefore, that that evidence, even assuming that it is admissible, is sufficient to show that a substantial part of the events that gave rise to the Plaintiff's claim occurred in this district. *See Jenkins Brick*, 321 F.3d at 1371.

The Defendants have provided evidence that their web-based service, which allegedly infringes on the Plaintiff's trademark, operates from Charlotte, North Carolina. (Doc. #18-1).  The substantial part of the events or omissions of the Defendants that have a close nexus to the wrong of posting an allegedly infringing website, therefore, did not occur in this district, but instead occurred in the Western District of North Carolina.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

6

transfer such case to any district or division in which it could have been brought." Having determined that venue is not proper in this district, the court finds that in the interest of justice, rather than dismissal, the case should be transferred to the Western District of North Carolina. *See Cabot Oil & Gas Corp.,* 2012 WL 21233589, at *3.

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Motion to Strike (Doc. #24) is DENIED as moot.

2.  The Motion to Change Venue (Doc. #18) is GRANTED.

3.  This case is transferred to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. ' 1406(a), and the Clerk is DIRECTED to take appropriate steps to effect the transfer.

Done this 28th day of July, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE